**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3923-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEAN P. MORALES,

     Defendant-Appellant.

_____

Submitted April 9, 2019 – Decided August 28, 2019

Before Judges Rothstadt and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 00-06-0676.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Frank Lawrence Valdinoto, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jean P. Morales appeals from the Law Division's March 22, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In 2007, a jury convicted defendant of aggravated manslaughter, N.J.S.A. 2C:11-4(a) and weapons possession charges, N.J.S.A. 2C:39-4(d) and N.J.S.A. 2C:39-5(d), after it acquitted him of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or -3(a)(2).[1] On May 4, 2007, the trial judge merged the weapons offenses and imposed an aggregate sentence of thirty years, subject to the eighty-five percent parole disqualification provision of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed and we affirmed his convictions and sentence in an unpublished opinion. State v. Morales, No. A-5846-06 (App. Div. Sept. 22, 2010) (slip op. at 5-20). The Supreme Court denied his petition for certification. State v. Morales, 205 N.J. 101 (2011).

The facts underlying defendant's convictions are set forth in our opinion and need not be repeated at length here. See Morales, slip op. at 3-5. Suffice it

---

[1] In 2002, a jury convicted defendant of all of the crimes for which he was indicted, including first-degree murder. However, we reversed due to the trial court's failure to sua sponte instruct the jury on passion/provocation manslaughter as a lesser-included offense. See State v. Castagna, 376 N.J. Super. 323, 331 (App. Div. 2005), rev'd on other grounds, 187 N.J. 293 (2006).

to say, defendant's victim had been involved in an altercation at a bar where defendant was also a patron. The victim was pursued by a crowd of people, including defendant, who ultimately beat him until he fell to the ground. At that point, defendant dropped a twenty-five pound cement block on the victim's head, which caused injuries that left him in a coma for five months before he died. Id. (slip op. at 4-5).

Defendant filed a PCR petition on May 6, 2011, in which he argued that trial counsel failed to properly investigate his matter by not contacting potential witnesses who would have been helpful to his defense. See State v. Morales, No. A-3088-13 (App. Div. Apr. 15, 2016) (Morales II) (slip op. at 4). The PCR judge, who was also the judge at defendant's second trial, denied defendant's application on July 25, 2013, without providing him with an opportunity for oral argument or granting an evidentiary hearing. Id. (slip op. at 2-3).

Defendant appealed the denial of PCR and we affirmed in another unpublished opinion. Id. (slip op. at 3-7). However, the Supreme Court summarily reversed our decision and remanded the matter back to the trial judge because it found the PCR judge's reasons for not allowing oral argument to be insufficient. State v. Morales, 227 N.J. 373 (2016).

Prior to the PCR judge's consideration of the matter on remand, on July 17, 2017, defendant submitted a letter brief as a supplement to his original PCR brief, amending claims that counsel failed to investigate. He indicated that the supplemental information only became available following the appeal of the denial of his original PCR petition.

The supplementary information related to one of the State's witnesses, A.V.,[2] who testified at trial that he and defendant were drinking heavily before they parted company and defendant went to the bar. A.V. later found out from defendant that he was involved in the victim's beating, although defendant could not initially recall what happened due to his intoxication, but subsequently remembered having the cement block. During direct and cross-examination at trial, A.V. testified to his numerous prior arrests and convictions, including seven convictions for indictable offenses, his then-current incarceration, and whether he was testifying in exchange for a promise of leniency as to pending charges.

Defendant argued that trial counsel failed to conduct a general internet search, which would have uncovered that A.V. was "a drug lord who was overheard discussing illegal activities" involving a New Jersey State Trooper

---

[2] We use initials to maintain witnesses' confidentiality.

and a multi-jurisdictional heroin ring operation, based out of Union County, in a later, unrelated matter. Moreover, defendant asserted that a search of the court system's criminal case database would have yielded information about A.V.'s guilty pleas to a second-degree resisting arrest/eluding offense and for involvement in the heroin ring operation.

Defendant explained that he learned about this information while his appeal from the judge's earlier denial of PCR was pending from a cellmate who was one of A.V.'s co-defendants in the drug-related racketeering case. That individual gave defendant "a series of memos and police reports" from 2005 from the Union County Prosecutor's Office. Defendant maintained that had trial counsel performed his due diligence, the jury would have been made more aware of the extent of A.V.'s status as a drug dealer. Defendant also explained that he attempted to file a pro se motion for a Brady[3] violation, but his application would not be accepted due to the pending PCR appeal.

The parties appeared before the PCR judge on February 23, 2018, for oral argument on defendant's petition. Defendant argued that the information about A.V. was readily available and counsel had an obligation to ask for discovery on the racketeering case, even if the State did not have an obligation to turn over

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

A-3923-17T2

any documents. In opposition, the State argued that it was not its obligation to turn over the documents pertaining to A.V. It raised questions of admissibility under Rule 404(b) because of evidence rules precluding impeachment with specific acts of conduct.

On March 22, 2018, the PCR judge denied defendant's petition. In a written decision that accompanied his order, the judge concluded that defendant failed to meet the first prong of Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (l987), which required a showing that counsel's performance fell below the prevailing standard. The judge found that testimony about defendant's intoxication from two potential witnesses identified in defendant's PCR petition, L.C. and B.T., would be duplicative of A.V.'s and other witnesses' testimony. The judge found B.T., who was A.V.'s wife, was the only one who submitted an affidavit as to her knowledge, but even if L.C. submitted one too, neither would have added anything to defendant's case because his intoxication was "well documented" in the trial record.

Turning to defendant's argument relating to A.V., the judge observed that during trial, A.V. testified about his prior indictable convictions. The judge

6

noted that A.V. was subjected to a thorough examination and testified as to his numerous convictions.

The judge also found that defendant failed to meet the second <u>Strickland</u> prong, which required a demonstration that there was a reasonable probability that but for counsel's deficient performance, the result of the proceedings would have been different. He found no indication that B.T.'s or L.C.'s proposed testimonies would have impacted the outcome because the record already reflected defendant's level of intoxication. Moreover, there was no indication that A.V.'s connection to the heroin ring or details of his other charges would have impacted the outcome. The judge observed that "[t]here was overwhelming evidence that . . . defendant crushed the victim's head with a block," including testimony from other individuals who were present. For these reasons, the judge found that defendant failed to establish a prima facie case of ineffective assistance of counsel and was not entitled to an evidentiary hearing. This appeal followed.

Defendant presents the following issues for our consideration in his appeal.

<u>POINT I</u>

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE

7

DEFENDANT ESTABLISHED A <u>PRIMA</u> <u>FACIE</u> CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR INADEQUATE PREPARATION AND INVESTIGATION.

POINT II

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S <u>BRADY</u> CLAIM. (NOT RAISED BELOW).

POINT III

THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING FOR COUNSEL TO ADVANCE DEFENDANT'S <u>BRADY</u> CLAIM. (NOT RAISED BELOW).

When a petition for PCR is decided without an evidentiary hearing, our review is de novo because claims of ineffective assistance of counsel generally give rise to legal issues. <u>State v. Harris</u>, 181 N.J. 391, 419 (2004). "[I]t is within our authority 'to conduct a de novo review of both the factual findings and legal conclusions of the PCR court.'" <u>State v. Reevey</u>, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (quoting <u>Harris</u>, 181 N.J. at 421 (2004)).

Applying our de novo standard of review, we conclude that the PCR judge correctly denied defendant's petition substantially for the reasons expressed in the judge's thorough twenty-one page decision that accompanied his order denying relief. We add only the following comments.

8

In reaching his decision, the judge identified defendant's assertion of a Brady violation in the context of his PCR petition. The judge explained that according to defendant, had counsel properly investigated his claim, like his cellmate who provided him with information about the details of A.V.'s illicit drug activities, defendant could have obtained the same information for his trial if counsel pursued a Brady claim seeking production of the prosecutor's files in A.V.'s drug related racketeering matter.

On appeal, defendant contends the PCR judge failed to address defendant's Brady based contention. He explains that "counsel did not explore the background of the charges from . . . [A.V.'s drug i]ndictment . . . ." He claims it would have demonstrated that A.V. was "a bona fide drug lord who was selling kilos of cocaine for a dirty [New Jersey] State Trooper Narcotics Detective." According to defendant, this information was available to trial counsel but he failed to investigate any aspect other than the charges and penalties themselves.

In order to establish a claim under Brady, a defendant must show: "(1) the prosecution suppressed evidence; (2) the evidence is favorable to the defense; and (3) the evidence is material." State v. Martini, 160 N.J. 248, 268 (1999). Evidence is material "if there is a reasonable probability that, had the

evidence been disclosed to the defense, the result of the proceeding would have been different." State v. Parsons, 341 N.J. Super. 448, 455 (App. Div. 2001) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).  "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10 (1976).

Here, the PCR judge found that the information defendant received from his cellmate was not material in that the outcome of the trial would not have been different had it been disclosed.  As the judge found, A.V. was subject to vigorous examination about his criminal background and therefore any additional information would not have impacted the outcome.  Under these circumstances, although as defendant argues to us on appeal, the judge did not expressly state there was no Brady violation for trial counsel to have pursued, we discern the same by inference from his findings about the information not being material, assuming it was discoverable in the first instance.

In sum, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland-Fritz test.  Accordingly, the PCR judge correctly concluded that an

evidentiary hearing was not warranted as to claims of ineffective assistance by trial counsel.  See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Finally, to the extent defendant contends the matter must be remanded because PCR counsel was deficient in not properly advancing the Brady claim or any other claim, we conclude such matters are better considered in a second PCR petition.  See R. 3:22-4(a)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3923-17T2